19-60037-TP-RUIZ

| PROB 22<br>(Rev. 04/17) | **TRANSFER OF JURISDICTION** | DOCKET NUMBER *(Tran. Court)*<br>4:13CR00205-1 |
| | | DOCKET NUMBER *(Rec. Court)*<br>**19-60037-TP-RUIZ** |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE:<br><br>Craig Tobias | DISTRICT<br>Eastern District of Texas | DIVISION<br>Sherman Division |
| | NAME OF SENTENCING JUDGE<br><br>The Honorable Marcia A. Crone<br>U.S. District Judge | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM<br>October 6, 2017 | TO<br>October 5, 2022 |

OFFENSE

Count 1 – 18 USC § 1349, 1344 - Conspiracy to Commit Bank Fraud
Count 7 – 18 USC § 1028A(a)(1) – Aggravated Identity Theft

FILED BY_____AT_____D.C.

*Aug 29, 2019*

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

**PART 1 – ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE "Eastern District of Texas"

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Southern District of Florida upon that Court's order of acceptance of jurisdiction.

| 8/8/19 | *Marcia A. Crone* |
| Date | U.S. District Judge |

**PART 2 – ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

| August 28, 2019 | *William P. Dimitrouleas* |
| Effective Date | United States District Judge |

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
Sheet 1

# United States District Court

## EASTERN DISTRICT OF TEXAS

### Sherman

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **V.** | |
| CRAIG TOBIAS | |

Case Number:   4:13CR00205-001

USM Number:   21463-078

Michael Hawk
Defendant's Attorney

## THE DEFENDANT:

☑ pleaded guilty to count(s)   1 and 7 of the Indictment

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1349, 1344 | Conspiracy to Commit Bank Fraud | 07/25/2013 | 1 |
| 18 U.S.C. § 1028A(a)(1) | Aggravated Identity Theft | 07/24/2013 | 7 |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   remaining                     ☐ is   ☑ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

9/3/2014
Date of Imposition of Judgment

*Richard A. Schell*
Signature of Judge

RICHARD A. SCHELL

U.S. DISTRICT JUDGE
Name and Title of Judge

12/3/14
Date

AO 245B     (Rev. 09/08) Judgment in Criminal Case
            Sheet 2 — Imprisonment

| | Judgment — Page | 2 | of | 8 |
|---|---|---|---|---|

DEFENDANT:  CRAIG TOBIAS
CASE NUMBER:  4:13CR00205-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **70 months**

Ct 1: 46 months.  Ct 7: 24 months consecutive to count 1.
The sentence imposed in Counts 1 and 7 shall run consecutive to any
sentence imposed in Case Nos. 439064-2, 439065-3, and 439066-2 in the 22nd Judicial District
Court, St. Tammany Parish, Louisiana; Case No. 12-4207CF in the 17th Judicial Circuit Court,

☑ The court makes the following recommendations to the Bureau of Prisons:

The court recommends that defendant participate in the 500 hour residential drug abuse treatment program.
The court recommends that defendant obtain his GED.
The court recommends that defendant participate in the inmate financial responsibility program at a rate to be determined in accordance with the program

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m.  ☐ p.m.   on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B     (Rev. 09/08) Judgment in a Criminal Case

DEFENDANT:  CRAIG TOBIAS                                    Judgment—Page    3    of    8
CASE NUMBER:  4:13CR00205-001

## Continuation page

The court recommends that defendant be designated to a facility in Coleman, FL, if eligible.

AO 245B      (Rev. 09/08) Judgment in a Criminal Case

---

DEFENDANT:  CRAIG TOBIAS
CASE NUMBER:  4:13CR00205-001

Judgment—Page   4   of   8

## Continuation page

Ft. Lauderdale, Florida; and Case No. 12-CF-3643-2 in the Nueces County Court, Corpus Christi, Texas.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
Sheet 3 — Supervised Release

| | Judgment—Page | 5 | of | 8 |

DEFENDANT:  CRAIG TOBIAS
CASE NUMBER:  4:13CR00205-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : 5 years

Ct 1: 5 years.  Ct 7: 1 year to be served concurrently with ct 1.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐  The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable.)

☐  The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B     (Rev. 09/08) Judgment in a Criminal Case
            Sheet 3A — Supervised Release

| | Judgment—Page | 6 | of | 8 |

DEFENDANT:  CRAIG TOBIAS
CASE NUMBER:  4:13CR00205-001

## ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring restitution payments and employment.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.

The defendant shall not participate in any form of gambling unless payment of any financial obligation ordered by the Court has been paid in full.

The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the United States Probation Office, until such time as the defendant is released from the program by the probation officer. The defendant shall pay any cost associated with treatment and testing.

Under the guidance and direction of the United States Probation Office, the defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider. The defendant shall pay any cost associated with treatment and testing.

The defendant shall acquire a General Educational Development (GED) certificate.

AO 245B   (Rev. 09/08) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

| | Judgment — Page | 7 | of | 8 |

DEFENDANT:  CRAIG TOBIAS
CASE NUMBER:  4:13CR00205-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ 0.00 | $ 6,673.37 |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| BANK OF AMERICA | $4,280.00 | $4,280.00 | 0% |
| BBVA COMPASS | $1,430.00 | $1,430.00 | 0% |
| GREG AND LORI ROOF | | $963.37 | 0% |

| TOTALS | $ _____ | $ 6,673.37 |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☑  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐  the interest requirement is waived for the   ☐  fine   ☐  restitution.

   ☐  the interest requirement for the   ☐  fine   ☐  restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    Case 4:13-cr-00205-RAS-DDB   Document 169   Filed 12/04/14   Page 8 of 8 PageID #:  772
    (Rev. 09/08) Judgment in a Criminal Case
    Sheet 6 — Schedule of Payments

DEFENDANT:  CRAIG TOBIAS | Judgment — Page  8  of  8
CASE NUMBER:  4:13CR00205-001 |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☑ Lump sum payment of $ ___200.00___     due immediately, balance due

      ☐ not later than _____ , or
      ☑ in accordance     ☐ C,   ☐ D,   ☐ E, or   ☑ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

Any restitution amount that remains unpaid when the defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of the defendant's gross income, to be changed during supervision, if needed, based on the defendant's changed circumstances, pursuant to 18 U.S.C. § 3572 (d)(3). If the defendant receives an inheritance, any settlements (including divorce settlement and personal injury settlement), gifts, tax refunds, bonuses, lawsuit awards, and any other receipt of money (to include, but not limited to: gambling proceeds, lottery winnings, and money found or discovered), the defendant must, within 10 days of receipt, apply 100% of the value of such resources to any restitution still owed unless otherwise approved by the probation office.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to: the U.S. District Court, Fine & Restitution, 1910 E SE Loop 323 No 287, Tyler, TX 75701

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

     The defendant is jointly and severely liable with the following defendants named in related cases:
     Makeisha Ann Williams (Williams), Docket No. 4:13CR205(05), in the amount of $2,580; and
     Misty Dawn Hendrix (Hendrix), Docket No. 4:13CR205(06), Atamian Johnson 4:13cr205 (2), Keeven Iszeal Coney 4:13cr205(3), Antonio Perez Barfield (4), in the amount of $2,313.37.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

AUG 15 2013

DAVID J. MALAND, CLERK
BY
DEPUTY _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | NO. 4:13CR**205** |
| v. | § | Judge *Schell* |
| | § | |
| CRAIG DWAYNE TOBIAS (1) | § | |
| a.k.a. "Jim" | § | |
| ATAMIAN RAJUAN JOHNSON (2) | § | |
| KEEVEN ISZEAL CONEY (3) | § | |
| ANTONIO PEREZ BARFIELD (4) | § | |
| MAKEISHA ANN WILLIAMS (5) | § | |
| MISTY DAWN HENDRIX (6) | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

<u>Violation</u>: 18 U.S.C. § 1349
(Conspiracy to Commit Bank Fraud)

**A.** **Introduction**

1.      Bank of America, Wells Fargo Bank, and Viewpoint Bank were financial institutions insured by the Federal Deposit Insurance Corporation and America's Credit Union was a credit union insured by the National Credit Union Share Insurance Fund (collectively "Financial Institutions").

2.      AD, DH, BC, KM, BK, and NC were individuals known to the Grand Jury; each had their cars burglarized and their bank checks and personal identifying information stolen.   GR and LR were individuals known to the Grand Jury and had their car burglarized and their bank checks and personal identifying information stolen.   DR and JL were individuals known to the

Grand Jury who had their bank checks stolen.   TM, VW, CP, and DJ were individuals known to the Grand Jury.

**B.**   **The Conspiracy**

3.     Beginning in or about January 2012, and continuing through on or about July 25, 2013, in the Eastern District of Texas and elsewhere, **Craig Dwayne Tobias ("Tobias")**, **Atamian Rajuan Johnson ("Johnson")**, **Keeven Iszeal Coney ("Coney")**, **Antonio Perez Barfield ("Barfield")**, **Makeisha Ann Williams ("Williams")**, and **Misty Dawn Hendrix ("Hendrix")**, defendants, intentionally, knowingly and willfully conspired, confederated, and agreed with each other and with other individuals both known and unknown to the Grand Jury to devise a scheme and artifice to defraud and obtain money and property from the Financial Institutions by means of materially false and fraudulent pretenses and representations, a violation of 18 U.S.C. § 1344.

**C.**   **Manner and Means of the Conspiracy**

4.     In the Eastern District of Texas and elsewhere, **Tobias, Johnson, Coney, Barfield, Williams, Hendrix**, and others known and unknown to the Grand Jury stole bank checks, bank cards, and personal identification cards at locations such as daycare facilities, gyms, and public parks.   The thefts were typically from motor vehicles and were made via forcible entry.

5.     Victims' bank cards were typically used within minutes of the theft, often at gas stations, convenience stores, or retail stores.

6.     Unknown members of the conspiracy kept or turned over the victims' checks and drivers licenses to **Tobias, Johnson, Coney**, and **Barfield**.

7.     **Williams, Hendrix**, and other members of the conspiracy, disguised as theft

victims often through the use of wigs, visited financial institutions, typically via the drive-thru

teller lanes, using rented vehicles.   Other members of the conspiracy, including **Johnson** and

**Coney**, were usually hidden in the back seat of the rented vehicles and provided the

co-conspirators, including **Williams** and **Hendrix**, with the stolen checks and wiped the checks

down with a napkin to obscure any fingerprints.   **Williams**, **Hendrix**, and other co-conspirators

presented stolen checks, with the corresponding stolen drivers' licenses and bank cards, made

payable from one victim to another.   Bank tellers cashed the checks and the payee victims' banks

suffered the loss when the checks were returned from the maker victims' banks as stolen.

    8.    Throughout the execution of the scheme, **Tobias**, **Johnson**, **Coney**, **Barfield**, and

other members of the conspiracy provided surveillance for the rental vehicles used to present the

stolen checks to the financial institutions, typically in other rented vehicles ("surveillance

vehicles").

    9.    On or about the following dates, as representative of the manner and means of the

conspiracy, **Tobias**, **Johnson**, **Coney**, **Barfield**, **Williams**, **Hendrix**, and co-conspirators known

and unknown took the following actions, among others, with respect to the following transactions

on the following dates in the Eastern District of Texas and elsewhere:

    **May 3, 2013 Transaction**

    a.    On or about May 2, 2013, an unknown co-conspirator broke into KM's

vehicle and stole KM's bank cards, bank checks, and personal identifying information.

    b.    On or about May 2, 2013, an unknown co-conspirator broke into a vehicle

and stole JL's bank checks.

    c.    On or about May 3, 2013, an unknown co-conspirator drove into the

drive-thru lane of Wells Fargo Bank in Denton, Texas, in the Eastern District of Texas, and

presented KM's driver's license and a check in the amount of $1988 drawn from the account of JL

and made payable to KM.   The co-conspirator fled when a bank employee informed the

co-conspirator the bank was verifying the check.   **Tobias** observed the transaction from a rented

Nissan Maxima bearing Florida license plate M039ZC nearby.

       d.     On or about May 3, 2013, **Tobias** possessed two wigs.

### July 9 and 10, 2013 Transactions

       e.     On or about July 5, 2013, **Barfield** acquired a Chevrolet Malibu rental

vehicle bearing Florida license plate BRQX47 in Dallas, Texas.

       f.     On or about July 7, 2013, an unknown co-conspirator broke into BK's

vehicle and stole BK's bank cards, bank checks, and personal identifying information.

       g.     On or about July 8, 2013, an unknown co-conspirator broke into NC's

vehicle and stole NC's bank cards, bank checks, and personal identifying information.

       h.     On or about July 9, 2013, **Williams**, while wearing a disguise and

with **Johnson** lying down in the back seat so as to be out of sight of bank personnel, drove into the

drive-thru lane of a Bank of America in Grapevine, Texas, and presented a check in the amount of

$700 drawn from the account of NC and made payable to BK.   **Tobias** and **Barfield** observed the

transaction from a surveillance vehicle nearby.

       i.     On or about July 9, 2013, **Williams**, while wearing a disguise and

with **Johnson** lying down in the back seat so as to be out of sight of bank personnel, drove into the

drive-thru of a Bank of America at 3660 North Beltline Road in Irving, Texas, and presented a

check in the amount of $940 drawn from the account of NC and made payable to BK.   **Tobias** and

**Barfield** observed the transaction from a surveillance vehicle nearby.

        j.      On or about July 9, 2013, **Williams**, while wearing a disguise and with **Johnson** lying down in the back seat so as to be out of sight of bank personnel, drove into the drive-thru lane of a Bank of America at 7300 North MacArthur Boulevard in Irving, Texas, and presented a check in the amount of $940 drawn from the account of NC and made payable to BK. **Tobias** and **Barfield** observed the transaction from a surveillance vehicle nearby.

        k.      On or about July 10, 2013, **Williams**, while wearing a disguise and with **Johnson** lying down in the back seat so as to be out of sight of bank personnel, drove the rented Chevrolet Malibu bearing Florida license plate BRQX47, which was covered by a stolen Texas license plate CW3V573, into the drive-thru lane of a Bank of America in Bedford, Texas, and presented a check in the amount of $940 drawn from the account of NC and made payable to BK. **Tobias** and **Barfield** observed the transaction from a surveillance vehicle nearby.

        l.      On or about July 10, 2013, after a high-speed vehicle chase and in an attempt to evade law enforcement, **Johnson** and **Williams** abandoned the rented Chevrolet Malibu bearing Florida license plate BRQX47 at the emergency room parking lot at Texas Health Harris Methodist Hospital – Hurst-Euless-Bedford.

### July 24 and 25, 2013 Transactions

        m.      On or about July 15, 2013, TM acquired a Nissan Altima rental vehicle bearing Florida license plate 319VJG in Ft. Lauderdale, Florida, and listed **Johnson** as an authorized driver.

        n.      On or about July 15, 2013, **Johnson's** mother, DJ, acquired a Hyundai Sonata rental vehicle bearing Florida license plate 330HBC in Ft. Lauderdale, Florida.

o.  On or about July 19, 2013, CP acquired a Chevrolet Malibu rental vehicle bearing Tennessee license plate J9133P in West Palm Beach, Florida.

p.  On or about March 16, 2013, an unknown co-conspirator broke into AD's vehicle and stole AD's bank cards and personal identifying information.

q.  On or about July 19, 2013, an unknown co-conspirator broke into DH's vehicle and stole DH's bank cards and personal identifying information.

r.  On or about July 19, 2013, an unknown co-conspirator broke into BC's vehicle and stole BC's bank cards, credit cards, bank checks, and personal identifying information.

s.  On or about July 21, 2013, an unknown co-conspirator broke into GR's vehicle in Frisco, Texas, in the Eastern District of Texas, and stole GR's and LR's bank checks, bank cards, and personal identifying information.

t.  On or about July 22, 2013, an unknown co-conspirator broke into a car and stole DR's bank checks.

u.  On or about July 24, 2013, **Hendrix**, while wearing a disguise and with **Coney** lying down in the back seat so as to be out of sight of bank personnel, drove the rented Nissan Altima bearing Florida license plate 319VJG into the drive-thru lane of a Wells Fargo Bank in Mesquite, Texas, and presented a check in the amount of $950 drawn from the account of GR and LR and made payable to AD.  **Tobias, Johnson, Barfield**, and VW observed the transaction from two surveillance vehicles nearby, the rented Hyundai Sonata bearing Florida license plate 330HBC and the rented Chevrolet Malibu bearing Tennessee license plate J9133P.

v.  On or about July 24, 2013, **Hendrix**, while wearing a disguise and with **Coney** lying down in the back seat so as to be out of sight of bank personnel, drove the rented

Nissan Altima bearing Florida license plate 319VJG into the drive-thru lane of an America's Credit Union in Garland, Texas, and presented a check in the amount of $1,000 drawn from the account of GR and LR and made payable to DH.  **Tobias, Johnson, Barfield**, and VW observed the transaction from two surveillance vehicles nearby, the rented Hyundai Sonata bearing Florida license plate 330HBC and the rented Chevrolet Malibu bearing Tennessee license plate J9133P.

      w.    On or about July 24, 2013, **Hendrix**, while wearing a disguise and with **Coney** lying down in the back seat so as to be out of sight of bank personnel, drove the rented Nissan Altima bearing Florida license plate 319VJG into the drive-thru lane of a Bank of America at 7515 Greenville Avenue in Dallas, Texas, and presented a check in the amount of $1,700 drawn from the account of GR and LR and made payable to BC.  **Tobias, Johnson, Barfield**, and VW observed the transaction from two surveillance vehicles nearby, the rented Hyundai Sonata bearing Florida license plate 330HBC and the rented Chevrolet Malibu bearing Tennessee license plate J9133P.

      x.    On or about July 24, 2013, **Hendrix**, while wearing a disguise and with **Coney** lying down in the back seat so as to be out of sight of bank personnel, drove the rented Nissan Altima bearing Florida license plate 319VJG into the drive-thru lane of a Bank of America at 6750 Greenville Avenue in Dallas, Texas, and presented a check in the amount of $1,700 drawn from the account of GR and LR and made payable to BC.  **Tobias, Johnson, Barfield**, and VW observed the transaction from two surveillance vehicles nearby, including the rented Hyundai Sonata bearing Florida license plate 330HBC and the rented Chevrolet Malibu bearing Tennessee license plate J9133P.

y.     On or about July 25, 2013, **Tobias** picked up VW at a hotel, drove in the rented Chevrolet Malibu bearing Tennessee license plate J9133P to a wig store where **Tobias** purchased a wig, and then drove to a parking lot across the street from Viewpoint Bank at 9625 Audelia Road in Dallas, Texas.    At this location, **Johnson** and **Coney**, in the rented Nissan Altima bearing Florida license plate 319VJG, met with **Tobias** and VW.

z.     On or about July 25, 2013, VW, while wearing a wig and with **Coney** lying down in the back seat so as to be out of sight of bank personnel, drove the rented Nissan Altima bearing Florida license plate 319VJG into the drive-thru lane of a Viewpoint Bank at 9625 Audelia Road in Dallas, Texas, and presented a check in the amount of $920 drawn from the account of DR and made payable to LR.

aa.     On or about July 25, 2013, **Tobias** and **Johnson** drove the rented Chevrolet Malibu bearing Tennessee license plate J9133P around the area near Viewpoint Bank and conducted surveillance while VW presented the check.

ab.     On or about July 25, 2013, after VW cashed the check in the amount of $920 drawn from the account of DR and made payable to LR, VW and **Coney** drove the rented Nissan Altima bearing Florida license plate 319VJG to a church parking lot a short distance from Viewpoint Bank and provided the money to **Tobias** and **Johnson** who were in the rented Chevrolet Malibu bearing Tennessee license plate J9133P.   **Coney**, and VW possessed two additional blank checks that belonged to DR, the wig VW wore, two window punches (that are customarily used to break into motor vehicles), and LR's driver's license, bank card, and Social Security card.   **Tobias** and **Johnson** possessed one window punch and one screwdriver.

In violation of 18 U.S.C. § 1349.

## Count Two

Violation: 18 U.S.C. §§ 1028A and 2
(Aggravated Identity Theft)

On or about May 3, 2013, in the Eastern District of Texas and elsewhere, **Tobias**, aided and abetted by others known and unknown to the Grand Jury, did knowingly possess and use, without lawful authority, a means of identification of another person, to wit, KM's driver's license, during and in relation to a violation of 18 U.S.C. § 1349 (conspiracy to commit bank fraud), as alleged in Count One of this Indictment, in connection with the May 3, 2013, transaction at Wells Fargo Bank.

In violation of 18 U.S.C. §§ 1028A and 2.

## Counts Three through Six

Violation: 18 U.S.C. §§ 1028A and 2
(Aggravated Identity Theft)

On or about the following dates, in the Eastern District of Texas and elsewhere, **Tobias**, **Johnson**, **Barfield**, and **Williams**, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly possess and use, without lawful authority, a means of identification of another person, to wit, BK's driver's license, during and in relation to a violation of 18 U.S.C. § 1349 (conspiracy to commit bank fraud), as alleged in Count One of this Indictment, in connection with the following transactions:

| Count | Transaction Date | Name | Financial Institution |
|-------|------------------|------|----------------------|
| 3 | July 9, 2013 | BK | Bank of America |
| 4 | July 9, 2013 | BK | Bank of America |
| 5 | July 9, 2013 | BK | Bank of America |
| 6 | July 10, 2013 | BK | Bank of America |

TOBIAS, ET AL - INDICTMENT

Each Count in violation of 18 U.S.C. §§ 1028A and 2.

## Counts Seven through Ten

> Violation: 18 U.S.C. §§ 1028A and 2
> (Aggravated Identity Theft)

On or about the following dates, in the Eastern District of Texas and elsewhere, **Tobias**, **Johnson**, **Coney**, **Barfield**, and **Hendrix**, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly possess and use, without lawful authority, means of identification of other persons, to wit, AD's, DH's, and BC's drivers licenses, during and in relation to a violation of 18 U.S.C. § 1349 (conspiracy to commit bank fraud), as alleged in Count One of this Indictment, in connection with the following transactions:

| Count | Transaction Date | Name | Financial Instituion |
|-------|------------------|------|----------------------|
| 7 | July 24, 2013 | AD | Wells Fargo Bank |
| 8 | July 24, 2013 | DH | America's Credit Union |
| 9 | July 24, 2013 | BC | Bank of America |
| 10 | July 24, 2013 | BC | Bank of America |

Each Count in violation of 18 U.S.C. §§ 1028A and 2.

## Count Eleven

> Violation: 18 U.S.C. §§ 1028A and 2
> (Aggravated Identity Theft)

On or about ~~May 3,~~ July 25 cAS 2013, in the Eastern District of Texas and elsewhere, **Tobias**, **Johnson**, and **Coney**, aided and abetted by others known and unknown to the Grand Jury, did knowingly possess and use, without lawful authority, a means of identification of another person, to wit, LR's

driver's license, during and in relation to a violation of 18 U.S.C. § 1349 (conspiracy to commit bank fraud), as alleged in Count One of this Indictment, in connection with the July 25, 2013, transaction at Viewpoint Bank.

In violation of 18 U.S.C. §§ 1028A and 2.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

### Pursuant to 18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461

As the result of committing the offenses alleged in this Indictment, the defendants shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(2)(A) and 28 U.S.C. § 2461 all property, real or personal, that constitutes or is derived from proceeds traceable to the aforementioned offense including but not limited to the following:

**Cash Proceeds**

Approximately $5,200 in United States currency and all interest and proceeds traceable thereto, in that such sub in aggregate is property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the foregoing offenses, alleged in this Indictment.

**Substitute Assets**

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants –

<ul style="list-style:none">
<li>(a)      cannot be located upon the exercise of due diligence;</li>
<li>(b)      has been transferred or sold to, or deposited with a third person;</li>
<li>(c)      has been placed beyond the jurisdiction of the court;</li>
<li>(d)      has been substantially diminished in value; or</li>
<li>(e)      has been commingled with other property which cannot be subdivided without difficulty;</li>
</ul>

it is the intent of the United States, pursuant to 18 U.S.C. § 982(a)(4), to seek forfeiture of any

other property of the defendants up to the value of the above forfeitable property, including but not

limited to all property, both real and personal owned by the defendants.

By virtue of the commission of the offenses alleged in this Indictment, any and all interest

the defendants have in the above-described property is vested in and forfeited to the United States.


A TRUE BILL


_____

GRAND JURY FOREPERSON


JOHN M. BALES
UNITED STATES ATTORNEY


_____                    8-15-13
CHRISTOPHER A. EASON                              Date
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | NO. 4:13CR |
| v. | § | Judge |
| | § | |
| CRAIG DWAYNE TOBIAS (1) | § | |
| a.k.a. "Jim" | § | |
| ATAMIAN RAJUAN JOHNSON (2) | § | |
| KEEVEN ISZEAL CONEY (3) | § | |
| ANTONIO PEREZ BARFIELD (4) | § | |
| MAKEISHA ANN WILLIAMS (5) | § | |
| MISTY DAWN HENDRIX (6) | § | |

## NOTICE OF PENALTY
### Count One

Violation:        18 U.S.C. § 1349
                  (Conspiracy to Commit Bank Fraud)

Penalty:          A fine of not more than $250,000, and/or
                  imprisonment for not more than 30 years,
                  and a Term of Supervised Release for not more than
                  5 years.

Special
Assessment:       $100.00

### Counts Two through Eleven

Violations:       18 U.S.C. § 1028A

Penalty:          For each count: two years imprisonment in addition to the punishment
                  provided by the predicate felony; a fine not to exceed $250,000, or not more
                  than the greater of twice the gross gain to the defendant or twice the gross
                  loss to one other than the defendant, or both; supervised release of not more
                  than one year.

Special
Assessment:       For each count:  $100.00

Page 13 of 13
TOBIAS, ET AL - NOTICE OF PENALTY